JEROME JOHNSON, administrator, *vs.* JOHN ZADWORNY, & another. October 23, 1978. This is a malpractice action, brought to recover damages for the conscious pain and suffering and death of an infant, one of twins, as a result of brain injury during his birth. The injury apparently resulted from delay in the mother's admission to the hospi-

tal following the rupture of the amniotic sac, during which the infant's umbilical cord prolapsed, restricting his blood supply. The delay, according to the mother's testimony, was advised by Dr. Zadworny in a telephone conversation. The latter denied that he gave such advice, agreeing with the plaintiff's medical experts that such advice, if given, would have been contrary to sound medical practice. The crucial issue in the case was, thus, whether the telephone conversation occurred and, if so, what was said. In his closing argument, the plaintiff's counsel, commenting on the standing in, the medical profession of the plaintiff's expert witnesses, argued that men of such high stature would not have come to testify unless they were convinced that "a great wrong" had been done, in effect inviting the jury to infer from the mere attendance of the plaintiff's experts at the trial that the plaintiff's version of the disputed facts was truthful. The defendants' counsel rose to object and was motioned down by the judge. After the charge to the jury, the defendants' counsel asked the judge to instruct the jury that they should not draw any inference such as that contended for by the plaintiff's counsel, and he objected to the judge's refusal to give such an instruction. Neither counsel had questioned the experts concerning their motives or compensation for testifying. While we have found no case precisely on point, we feel that the plaintiff's argument was improper and that the defendants were entitled to an instruction that it be disregarded. Compare *Commonwealth* v. *Shelley,* 374 Mass. 466, 470 (1978). Nothing in the general instructions served that purpose, and we are unable to conclude on the whole record that the error was harmless.

*Judgment reversed.*

BROWN, J. (dissenting). I cannot agree with the majority. The plaintiff's remarks in closing argument were better left unsaid, but, in my opinion, do not in these circumstances warrant ordering a new trial. See generally *Commonwealth* v. *Fitzgerald,* 376 Mass. 402, 416-424 (1978). Even if we assume the reference to the medical experts was improper, the general instructions were adequate to sufficiently negate any prejudice. Cf. *id.* at 424.

*J. Norman O'Connor* for the defendants.
*Herbert Murphy* for the plaintiff.